Melina Manetti (SBN318350)
mmanetti@shb.com
SHOOK, HARDY, & BACON LLP
One Montgomery, Suite 2600
San Francisco, California 94104
Telephone:   415.544.1900
Facsimile:   415.391.0281

Attorneys for Plaintiff
GRANITE STATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GRANITE STATE INSURANCE COMPANY, | Case No. 3:20-cv-5379 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. **BREACH OF CONTRACT** |
| JMR BUILDERS, INC., | 2. **UNJUST ENRICHMENT** |
| Defendant. | |

Plaintiff GRANITE STATE INSURANCE COMPANY ("Granite State") alleges the following against Defendant JMR BUILDERS, INC. ("JMR").

**THE PARTIES**

1. Granite State is an insurance company duly organized and authorized to transact insurance business under the laws of Illinois, in good standing, with its principal place of business located at 175 Water Street, New York, NY 10038.

2. JMR is a California corporation with its principal place of business located at 3270 Keller Street, Suite 106, Santa Clara, California 95054.

**JURISDICTION AND VENUE**

3. There is complete diversity pursuant to 28 U.S.C. § 1332 because (1) Granite State is a citizen of Illinois and New York, and (2) JMR is a citizen of California.

4. As set forth below and incorporated herein, the amount in controversy requirements of 28 § U.S.C. 1332 are satisfied because there is more than $75,000 at issue, exclusive of costs and interest.

5. This action properly lies in the Northern District of California pursuant to 28 U.S.C. § 1391, because JMR does or did business in this District, maintains a business address within this District, and failed to remit insurance premium within this District.

6. Venue is likewise proper in this district under 28 U.S.C. § 1391(b)(2), because the events giving rise to this claim (*i.e.* failure to remit payment for insurance premium) occurred in this district.

**INTRADISTRICT ASSIGNMENT**

7. Granite State incorporates each of the preceding allegations as fully restated herein.

8. Assignment to this Division is proper under Local Rule 3-2(c), (e) because JMR maintains its principal place of business within the division and the events giving rise to this claim (*i.e.*, failure to remit payment for insurance premium) occurred in Santa Clara County, which falls within the San Jose district of the Northern District of California.

## STATEMENT OF FACTS AND ALLEGATIONS

9. Granite State incorporates each of the preceding allegations as if fully restated herein.

### First Policy Period

10. On or about July 20, 2017, Granite State issued to JMR a worker's compensation insurance policy WC 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 (the "Policy"), for the policy period August 14, 2017 to August 14, 2018 ("First Policy Period"). A true and accurate copy of the Policy applicable to the First Policy Period is attached hereto and incorporated herein as **Exhibit A**.[1]

11. The total estimated annual premium for the First Policy Period was $9,613.00, plus applicable taxes, assessments, and surcharges of $298.00. **Exhibit A**.

12. On or about October 6, 2017, Granite State issued to JMR an endorsement that added a rating plan to the Policy. The endorsement provided an additional premium of $666.00. A true and correct copy of the October 6, 2017 endorsement is attached hereto as **Exhibit B**.

13. Pursuant to the Policy, Granite State conducted an audit of JMR's books and records for the First Policy Period ("First Policy Period Audit").

14. In the First Policy Period Audit, Granite State found that JMR's premium and fees should be increased by $81,037.00, and $2,521.00, respectively. **Exhibit C** ("First Policy Period Audit Advice").

15. Ultimately, JMR owed the following total premium and fees for the First Policy Period ("First Policy Period Final Premium & Fees"):

| Description | Premium Due | Fees Due |
|---|---|---|
| Initial Estimated Premium | $9,613.00 | $298.00 |
| October 6, 2017 Endorsement | $666.00 | |
| Audit Premium Adjustment | $81,037.00 | $2,521.00 |
| **Total (First Policy Period Final Premium & Fees)** | **$91,316.00** | **$2,819.00** |

---

[1] Due to the voluminous nature of the workers' compensation insurance policies issued to JMR, Granite State is attaching only the relevant portions of each policy to this Complaint.

16. In total, JMR owed to Granite State $94,135.00 for the First Policy Period Final Premium & Fees.

17. JMR paid $11,909.00 to Granite State for the premium and fees due on the First Policy Period, but was refunded $1,242.00 for initial overpayment, effectively decreasing its total payment to $10,667.00.

18. JMR was charged an additional $90.00 related to surcharges and fees

19. Subtracting the monies paid to Granite State by JMR and adding the applicable fees, the remaining sum due for the outstanding premium and fees due on the First Policy Period is $83,558.00.

**Second Policy Period**

20. On or about July 2, 2018, Granite State renewed the Policy from August 14, 2018 to August 14, 2019 (the "Second Policy Period"). A true and correct copy of the Policy applicable to the Second Policy Period is attached hereto and incorporated by reference herein as **Exhibit D**.

21. A total estimated annual premium for the Second Policy Period was $7,494.00, plus fees for taxes, assessments, and surcharges of $297.00. **Exhibit D**.

22. On or about July 5, 2018, Granite State issued to JMR an endorsement that amended class codes and rating plans on the Policy. The endorsement provided an additional premium of $4,350.00. A true and correct copy of the July 5, 2018 endorsement is attached hereto as **Exhibit E**.

23. On or about April 24, 2019, Granite State issued to JMR an endorsement that amended class codes and rating plans on the Policy. The endorsement provided an additional premium of $55,805.00. A true and correct copy of the April 24, 2019 endorsement is attached hereto as **Exhibit F**.

24. Pursuant to the Policy, Granite State attempted to conduct an audit of JMR's books and records for the Second Policy Period ("Second Policy Period Audit"); however, JMR did not allow Granite State to review its books and records.

25. Therefore, for the Second Policy Period Audit, Granite State charged JMR $130,706.00 in premium and $5,186.00 in fees to show estimated exposures, as set forth in the

manuals of rules to be applied when an audit is not possible. **Exhibit G** ("Second Policy Period Audit Advice").

26. Ultimately, JMR owed the following total premium and fees on the Second Policy Period ("Second Policy Period Final Premium & Fees"):

| Description | Premium Due | Fees Due |
|---|---|---|
| Initial Estimated Premium | $7,494.00 | $297.00 |
| July 5, 2018 Endorsement | $4,350.00 | |
| April 24, 2019 Endorsement | $55,805.00 | |
| Audit Premium Adjustment | $130,706.00 | $5,186.00 |
| **Total (Second Policy Period Final Premium & Fees)** | **$198,355.00** | **$5,483.00** |

27. In total, JMR owed Granite State $203,838.00 for the Second Policy Period Final Premium & Fees.

28. JMR was charged an additional $60.00 related to surcharges and fees.

29. JMR paid $12,201.00 to Granite State for the premium and fees due for the Second Policy Period.

30. Subtracting the monies paid to Granite State by JMR, the remaining sum due for the outstanding premium and fees due on the Second Policy Period is $191,697.00.

**The Policy's Terms**

31. The Policy provides that the premium initially charged "is an estimate" and that the "[f]inal premium will be determined after [the] policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by [the] policy." **Exhibits A, D** Part 5(E).

32. The Policy also provides that Granite State may conduct audits within three years after the Policy ends, and "[i]nformation developed by audit will be used to determine [the] final premium." **Exhibits A, D** Part 5(G).

33. JMR received and accepted the insurance coverage of the Policy, and agreed under the terms of the Policy to pay all premium due. **Exhibits A, D** Part 5(D).

34. Granite State fully performed all necessary conditions of the Policy.

**JMR's Failure to Pay**

35. JMR failed to pay Granite State the full amount of the First Policy Period Final Premium & Fees.

36. JMR failed to pay Granite State the full amount of the Second Policy Period Final Premium & Fees.

37. Granite State issued invoices to JMR for the insurance premium and fees due, but JMR has failed to remit payment and fees.

38. The remaining balance due from JMR on the Policy is $275,255.00, plus any applicable costs, interest, and attorneys' fees.

**COUNT I – BREACH OF CONTRACT**

39. Granite State incorporates each of the preceding allegations as if fully restated herein.

40. Granite State issued the Policy to JMR over two different policy periods. **Exhibits A, D.**

41. Under the Policy, JMR agreed to remit premium and fees due and owing to Granite State, in exchange for the benefits of the coverage under the Policy.

42. The Final Premium that JMR owed for the First and Second Policy Periods was to be determined after each policy period ended, using the actual premium basis and the proper classifications and rates lawfully applicable to the business and work covered by the Policy, including through the use of audits of JMR's books and records. *See* **Exhibits A, D** Part 5 (E,G).

43. The estimated premium that JMR owed for the Policy was determined based on information provided by JMR. *See* **Exhibits A, D** Part 5(E,G).

44. Granite State conducted or attempted to conduct audits of JMR's books and records and used the proper classifications and rates—or respective estimates where JMR failed to provide books and records for audit—that applied to the business and work covered by each individual engaged in work for JMR.

45. Granite State fully performed its duties under the Policy.

46. Granite State issued invoices to JMR for the outstanding premium and fees in the amount of $275,255.00.

47. JMR failed to pay the premium and fees due and owing to Granite State under the Policy.

48. Because of JMR's non-payment, Granite State has suffered actual damages in the amount of $275,255.00, plus additional pre-judgment and post-judgment interest, and costs.

WHEREFORE, Granite State seeks a judgment against JMR in an amount no less than $275,255.00, plus costs, expenses, pre-judgment and post-judgment interest, and such further legal and equitable relief as this Court deems appropriate or such other amounts as determined by this Court.

## **COUNT II – UNJUST ENRICHMENT**

49. Granite State incorporates each of the preceding allegations as if fully restated herein.

50. In the alternative to the claim for breach of contract, JMR is liable to Granite State for unjust enrichment.

51. At all relevant times herein, Granite State conferred benefits upon JMR by providing JMR with workers' compensation insurance coverage.

52. At all relevant times herein, JMR had knowledge of the benefits conferred by Granite State.

53. JMR voluntarily accepted, retained, and received the benefits provided by Granite State.

54. Granite State enriched JMR by the benefits provided.

55. JMR did not pay Granite State for the full value of the benefits received.

56. Granite State asserts that the remaining unpaid value of the benefits it conferred to JMR equals $275,255.00.

57. Despite its receipt of this enrichment, JMR has refused to make full payments to Granite State for the enrichment received.

58. JMR's enrichment is unjust.

59. JMR's retention of the benefits under these circumstances is at the expense of Granite State and violates fundamental principles of justice, equity, and good conscience; the circumstances render JMR's retention of the benefits inequitable unless JMR pays Granite State for the value of the benefit received.

60. As a result of JMR's unjust enrichment, Granite State is owed $275,255.00, plus additional pre-judgment and post-judgment interest and costs.

WHEREFORE, Granite State seeks a judgment against JMR in an amount no less than $275,255.00, plus costs, expenses, pre-judgment and post-judgment interest, and such further legal and equitable relief as this Court deems appropriate or such other amounts as determined by this Court.

Dated: August 4, 2020                    Respectfully submitted

                                                       SHOOK, HARDY & BACON L.L.P.


                                                       By: /s/ Melina Manetti

                                                         MELINA MANETTI

                                                    Attorneys for Plaintiff
                                                   GRANITE STATE INSURANCE COMPANY